IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TREMAINE L. KITCHEN, #255-710,          *
        Plaintiff,

                               *

    v.                                     CIVIL ACTION NO.  DKC-05-1492

                               *

WARDEN,
        Defendant.                     *

                             ******

## MEMORANDUM

On June 2, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983. Counsel for Defendants Carol Jackson, Sgt. Johnson, Sgt. Mooney, James Peguese, Marvin Robbins, Sgt. Rollin, Lt. Taylor, and Kenny Townes  has filed a dispositive motion (Paper No. 25).   Plaintiff has responded. Paper Nos. 30 and 31.[1]  No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case.   *See* Local Rule 105.6 (D. Md. 2004).   For the reasons that follow, Plaintiff's claims regarding denial of due process in utilizing the administrative remedy procedure and retaliation shall be dismissed. Defendants' Motion for Summary Judgment shall be granted as to Plaintiff's due process claim regarding his Inmate Grievance Office hearing, and denied as to Plaintiff's property claim.  Plaintiff shall be granted an opportunity to amend his complaint regarding his property claim.

### 1. Factual Background

In a complaint filed June 2, 2005, Plaintiff alleged that, on May 20, 2005, when he was taken to the medical department, his personal belongings were confiscated by Sgt. Money and Officer Franchise.  Ofc. Franchise was involved in an ARP complaint previously filed by Plaintiff. Among the materials taken were law books.  Paper 1. In a supplement to the complaint, Plaintiff alleges that Officer Francise and Sgt. Mooney, with the permission of Lt. Taylor, confiscated his personal

---

[1]Paper No. 31 is entitled Motion to Amend.  A review of the Motion reveals that it is in reality a supplemental opposition to Defendants' dispositive motion.  The Clerk shall be directed to amend the docket accordingly.

property, including religious materials, books, transcripts and papers.  He states that Defendants disposed of the property without giving him a confiscation paper.  Paper No. 3.

Plaintiff further alleges improprieties concerning the Administrative Remedy Procedure ("ARP").  He states that Warden Peguese has denied him due process by permitting Sgt. Johnson, along with Sgt. Watkins, to act as the ARC coordinator. Plaintiff claims that this is a conflict of interest and a violation of Division of Correction Directives ("DCD"). *Id.* Plaintiff states that Sgt. Johnson perjured herself during an Inmate Grievance Office ("IGO") hearing on June 3, 2005, by claiming to be a representative of the IGO.  He states that this perjury deprived him of due process. Plaintiff alleges that Marvin Robbins has conspired with Sgt. Johnson to deny Plaintiff due process and subject him to cruel and unusual "pain" for exercising his rights to access requests under the DCDs. *Id.*  He states that Defendant Carol Jackson has failed to stop Sgt. Johnson from answering inmate requests. *Id.*

## 2. Standard of review

### A.    Motion to Dismiss

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted).  "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true."

*Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

**B.    Motion for Summary Judgment**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*,128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

### 3. Analysis

**A.    Grievance Procedure**

The Administrative Remedy Procedure ("ARP") was instituted by the Maryland Division of Corrections to provide inmates both an informal and formal process for the resolution of complaints and problems; an inmate <u>may</u> utilize this process to resolve institutional issues. *See* Division of Correction Directive 185-100, *et seq*. Thus, an inmate experiencing a problem regarding the conditions of his confinement may attempt to resolve the problem using the ARP process. If an inmate is dissatisfied with the remedy response provided by the Warden, he may appeal that response to the Commissioner of Corrections. If dissatisfied with the response of the Commissioner, the inmate may appeal to the Executive Director of the Inmate Grievance Office ("IGO"). Finally, if the inmate is still dissatisfied, he may resort to the state courts. Therefore, when an inmate is

dissatisfied with an ARP response, he may proceed to the next state administrative or judicial appellate step in order to gain the relief he seeks.  Alternatively, if a colorable federal claim has been stated by the grievance stated  in the ARP, the inmate may file a civil action in this court after completing the first three levels of the ARP process.  There is no constitutional right to a prison grievance procedure, nor to access to it if one has been established.  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Moreover, taking into consideration the non-exclusive, optional nature of Maryland's ARP procedure and the appeals process readily available to aggrieved inmates, the undersigned concludes that even if Defendants did not satisfactorily investigate or respond to Plaintiff's remedy requests, no underlying federal claim has been stated.  Indeed, the ARP process creates no inherent liberty interest and does not impede an inmate's access to the courts. Indeed, a prisoner plaintiff may proceed in this court without first exhausting his claims through the ARP process if prison officials impeded his attempts at ARP exhaustion. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003)  Thus, Plaintiff's claim concerning the ARP process is subject to dismissal.  *See Sandin v.  Conner*, 515 U.S. 472 (1995).

B.    **Retaliation**

Plaintiff claims that Defendants' conduct was in retaliation for his having filed ARPs against correctional officers. Generally, claims of  retaliation are to be treated with skepticism. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).   In order to sustain a claim based on retaliation, Plaintiff "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." *Adams v. Rice***,** 40 F.3d 72, 75 (4th Cir. 1994) (emphasis supplied). As noted, above, Plaintiff does not have a constitutional right to participate in grievance procedures, and in any event his bald allegation of retaliation is insufficient to sustain such claim.  Accordingly,  the claim of retaliation shall be dismissed.

**C.      Due Process**

Plaintiff also alleges that he was deprived of due process during the conduct of his IGO

hearing. Defendants construed this allegation to refer specifically to his IGO hearing which occurred

on June 2, 2005, concerning his allegations regarding a cell assignment.  Paper No. 25.  In his

opposition to the Motion for Summary Judgment, Plaintiff sets forth reasons he believes he was

denied due process during this hearing. Paper No. 30.

Simply stated, Plaintiff's contention that Defendants violated the DOC's own procedural

guidelines in administering the ARP process does not state an independent federal claim.  *See*

*Sandin v. Conner*, 515 U.S. 472, 478-87 (1995) (while prison occurrence may amount to a

deprivation of a liberty interest entitled procedural protection under the Due Process Clause if (1)

statutes or regulations narrowly restrict power of prison officials to impose the deprivation, and (2)

the liberty interest in question is one of "real substance," provisions that merely provide procedural

requirements, even if mandatory, cannot provide basis for constitutionally protected liberty interest);

*see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v.*

*Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations

searching for the grail of limited discretion.").

Moreover, in prison disciplinary proceedings where a prisoner faces the possible loss of good

conduct credits, he is entitled to certain due process protections.  *See Wolff v. McDonnell*, 418 U.S.

539, 564 (1974).  These include advance written notice of the charges against him, a hearing, the

right to call witnesses and present evidence when doing so is not inconsistent with institutional

safety and correctional concerns, and a written decision.  *Wolff*, 418 U.S. at 564-571.  Substantive

due process is satisfied if the disciplinary hearing decision was based upon "some evidence."

*Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).  The evidence before

the court demonstrates that the hearing about which Plaintiff complains did not involve a

disciplinary matter.  Moreover, the record is abundantly clear that Plaintiff was provided notice of the hearing, an opportunity to be heard, and a written based upon "some evidence" issued.  Paper No. 25.  Accordingly, the court finds no due process violation and shall grant Defendants' Motion for Summary Judgment as to this claim.

**D.     Property**

Defendants dispute that any personal property was improperly taken from Plaintiff. Paper No. 25, Exs. 1-6. Defendants maintain that Plaintiff's personal property inventory sheets reflect that he did not possess any books or legal materials and that the only property confiscated from him was a walkman.  *Id.*  Plaintiff, however, has presented evidence that he did possess documents generated throughout his criminal proceedings, including transcripts of proceedings and court orders.  Paper No. 31, Attachment.  Clearly, there is a factual dispute as to whether Plaintiff's property was taken and what property Plaintiff possessed. Accordingly, Defendants' Motion for Summary Judgment shall be denied.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] The inquiry, however, does not end there when, as here, a plaintiff alleges that his legal materials and/or religious materials were confiscated.  Confiscation and destruction of an inmate's religious or legal materials may impermissibly infringe on the inmate's exercise of his First and Fourteenth Amendment rights.  To the extent Plaintiff claims that the confiscation of his materials adversely impacted his ability to access the courts or to practice his religion, the court is without sufficient

---

[2]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

information to rule on such a claim. Plaintiff has provided evidence that he possessed his criminal trial transcript and other papers related to his post conviction and federal habeas corpus proceedings and it is these papers he alleges were confiscated by Defendants.  He also alleges that his prayer rug, Bible, and Koran were confiscated.  Plaintiff has not, however, specified how the loss of these legal papers and religious materials thwarted his ability to access the courts or exercise his religion. Accordingly, Defendants' Motion to Dismiss Plaintiff's property claim shall be granted without prejudice.  Given the limited information and briefing presented to the court by both parties as to the constitutional claims surrounding his loss of property, Plaintiff shall be granted thirty days from the date of this memorandum to amend his complaint to demonstrate how his constitutional rights were adversely effected by the confiscation of his legal and religious materials.

## 4. Conclusion

Given the foregoing, Defendants' Motion to Dismiss or for Summary Judgment is granted in part and denied in part.  A separate Order shall be entered in accordance with this Memorandum.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge