IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TREMAINE L. KITCHEN, #255-710,  *
       Plaintiff,
                                              *

   v.                                                CIVIL ACTION NO.  DKC-05-1492
                                            *

WARDEN, et al.,
       Defendants.                 *
                                       ******

## **MEMORANDUM**

Plaintiff, a state prisoner currently confined at the Maryland Correctional Adjustment Center ("MCAC"), filed this action under 42 U.S.C. § 1983. On July 28, 2006, this court granted in part and denied in part Defendants' Motion for Summary Judgment. Paper Nos. 32 and 33. In that same Order, Plaintiff was directed to supplement his Complaint regarding the issues of confiscated legal and religious materials. Plaintiff complied with the court's directive (Paper No. 34) and Defendants thereafter were directed to respond. Paper No. 35. Defendants, former Warden James Peguese, Marvin Robbins, Security Chief Kenny Townes, Sergeeant Mooney, Sergeant Rollin, Sergeant Ruth Johnson, Carol Jackson, and Lt. Mark Taylor, have filed a dispositive motion. Paper No. 40. Plaintiff has responded. Paper No. 43.[1] No hearing is needed to resolve the question as to whether

---

[1] Paper Nos. 36 and 37 are entitled Motion to Alter or Amend, and Supplemental Motion to Alter or Amend, respectively. Plaintiff asks that the court reconsider its findings contained in the July 28, 2006 Memorandum and Order. Plaintiff reiterates most of his claims, revisits matters resolved in a separate civil rights case (*see* Civil Action No. DKC-05-466), and states that he is entitled to a different result in this case and his other civil rights case in light of *Massey v. Secretary, Dep't of Public Safety and Correctional Services*, 389 Md. 496, 886 A.2d 585 (Md. 2005). In *Massey*, the Court of Appeals of Maryland concluded that the directives of the Secretary of the Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under the Administrative Procedure Act ("APA") and thus, to be legally effective, were to be adopted in conformance with the APA. *See Massey*, 389 Md. at 517-525, 886 A.2d at 597-602. To the extent that Plaintiff is asserting that the regulations under which he was convicted of rule violations are of no force or effect, that assertion must be made in the appropriate state forum. Plaintiff has presented no justiciable reason to alter or amend the court's findings and accordingly the motions shall be denied.

      Plaintiff has also filed a Motion for Injunctive Relief (Paper No. 44) wherein he asks that this court direct Commissioner John A. Rowley to review the video tape which recorded the confiscation of his property. In order to obtain injunctive relief under F. R. Civ. P. 65, Plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that Defendants will not be harmed if the requested relief is granted; (iii) the likelihood that Plaintiff will succeed on the merits; and (iv) that the public interest will be served if the

(continued...)

Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Plaintiff's claims regarding confiscation of his legal and religious materials shall be dismissed.

## 1. Factual Background

Plaintiff states that on an unspecified date, Officer Francise and Sgt. Mooney, with the permission of Lt. Taylor, confiscated his personal property, including religious materials, books, transcripts and papers. He states that Defendants disposed of the property without giving him a confiscation paper. Paper No. 3. He continues to argue that this action was in retaliation for filing grievances. The court earlier dismissed the retaliatioin claim.

As to his legal materials, Plaintiff has further alleged that his trial transcript and legal papers concerning his post-conviction and habeas proceedings were confiscated along with self help litigation books. Paper No. 34. Plaintiff states that a motion filed in state court to correct his sentence was denied because he did not have access to the self help materials. He also states that he could not file a Petition for Rehearing in the Fourth Circuit Court of Appeals in another matter and that he was unable to respond in a civil rights action he had filed in this court. *Id*. and Paper No. 43.

As to his religious materials, Plaintiff states that his prayer rug, Koran and Bible were confiscated. Plaintiff states that he has access to another Koran but it is not in Arabic. He also states

---

[1](...continued)
injunction is granted. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944). Plaintiff's request for a restraining order shall be rejected in that his motion does not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted. Inasmuch as Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders, shall not be given. In short, the situation described by Plaintiff does not warrant immediate emergency relief.

that he is able to pray on the floor without his prayer rug. *Id.* He states that not being able to read these religious texts causes him stress. Paper No. 43.

Defendants maintain that Plaintiff's property was not confiscated. Paper No. 40. In support of their contention, Defendants rely on the findings of Administrative Law Judge Stephanie A. Kimbrell, who found that on May 20, 2005, Plaintiff's property was inventoried due to Plaintiff being placed on segregation, and that the property was returned on June 16, 2005, as evidenced by the fact that Plaintiff signed for his property indicating that he received all of it. Judge Kimbrell did not find Plaintiff credible regarding his claim that he was forced to sign for his property without first seeing it because she found that there was no mention of any of the missing property items in plaintiff's prior property inventories. Paper No. 40, Ex. 1. Defendants claim that Plaintiff is collaterally estopped from bringing his claim before this court because the findings of Judge Kimbrell preclude Plaintiff relitigating his claim. They also contend that Plaintiff has failed to establish actual harm from any confiscation of his personal materials. Finally, as they did in an earlier memorandum, Defendants argue that they are entitled to qualified immunity.

## 2. Standard of review

**Motion for Summary Judgment**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for

trial.  *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991).  The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion.  *Anderson*, 477 U.S. at 252.

### 3. Analysis

**A. Legal Materials**

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978).  A denial of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation.  *See Lewis v. Casey*, 518 U.S.343, at 349 (1996). The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim.  *Id*. at 354.  Rather, the *Lewis* Court concluded that *Bounds v. Smith*, *supra*, stood essentially for the proposition that prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they must have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  *Id***.** at 354.

Plaintiff and Defendants dispute whether any of Plaintiff's legal materials were confiscated and/or destroyed.  Taking the facts in the light most favorable to Plaintiff, his claim nonetheless fails as he has not demonstrated that he has been harmed by the confiscation of his legal materials. Plaintiff states in vague and conclusory terms that the alleged confiscation of his legal materials caused him to miss deadlines and be unable to move to reopen his post-conviction proceeding in state court.  He states that he was not able to respond in a civil rights action pending before this court;  however, the docket reflects that Plaintiff did file responses in opposition to Defendant's dispositive motion in that case. *See Kitchen v. Peguese,* Civil Action No. DKC-05-466.  As to his

state court cases, Plaintiff fails to specify how the confiscated legal materials made the foregoing filings "impossible." Plaintiff does not state that he was forbidden access to the law library at the prison and/or access to LASI.[2]. Moreover, when filing a motion to reopen a state post-conviction proceeding or a motion to correct illegal sentence, the complete record of the state court proceedings would have been available to the court asked to rule on such motions. Presumably, Plaintiff knew of the errors in his criminal proceedings which he wished to bring before the state courts, and thus could have filed his motions setting forth the errors he believed occurred in those proceedings. In considering the motions, these courts would have had access to the full trial proceedings, including any prepared transcripts, if these documents were necessary to the consideration fo the matters before them. Simply stated, Plaintiff has failed to state with sufficient specificity precisely how the loss of the allegedly confiscated materials–including general legal reference books-- made him wholly unable to pursue his claims. Rather, Plaintiff has made conclusory averments unsupported by any facts which are insufficient to withstand a dispositive motion.

### B.     Religious Materials

Likewise, Plaintiff and Defendants disagree as to whether any of Plaintiff's religious materials were confiscated. Assuming Plaintiff's religious articles were improperly confiscated, Plaintiff has failed to demonstrate how the confiscation of his religious materials impermissibly deprived him of his right to freely exercise his religion. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). With respect to the free exercise of religion, prison inmates retain a right to reasonable

---

[2] LASI is the acronym for Library Assistance to State Institutions. It provides copies of published decisions to prisoners.

opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). That retained right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the constitution. *See Turner v. Safely*, 482 U.S. 78, 89– 91 (1987). Moreover, where, as here, inmates are able to "participate in other religious observances of their faith" the courts are more likely to conclude that restrictions imposed on religious observances are reasonable. *See O'Lone* 482 U.S. at 352; *In re Long Term Administration Segregation of Inmates Designated as Five Percenters*, 174 F.3rd 464, 470 (4th Cir. 1999) (upholding the denial of all congregate prayer, for segregated inmates, where other forms of religious exercise were permitted).

Plaintiff states that Defendants took his prayer rug, an Arabic Koran and a Bible. Paper No. 34. He has failed to specify in what way the practice of his religion was burdened by the confiscation of the materials. Rather, Plaintiff says he was still able to perform his compulsory daily prayers although he suffered "stress" from not being able to read the Koran or Bible. Plaintiff does not suggest that he was not able to obtain a new prayer rug, Koran or Bible, nor, does he state that he requested a new Bible or Koran from the chaplain. Plaintiff has failed to allege, much less demonstrate, that his religious practice was substantially curtailed by the actions of Defendants. Accordingly, his claim shall be dismissed.

**C.     Collateral Estoppel**

In light of the foregoing, the court will not consider Defendant's contention that Plaintiff is collaterally estopped from bringing his claim in this court.

### 4. Conclusion

For the aforementioned reasons, Defendants' dispositive motion is granted. Plaintiff's Motions to Alter or Amend and for Injunctive Relief are denied. A separate Order follows.


Date:  <u>July 18, 2007</u>              _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge